IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| STEVEN MARK ALBERT and DONNA ALBERT,<br><br>　　　　Plaintiffs,<br><br>v.<br><br>PACESETTER, INC.,<br><br>　　　　Defendant. | CASE NO. 2:24-CV-573-RWS-RSP |

## ORDER

Before the Court are Plaintiffs' Objections (Docket No. 141) and Defendant's Response (Docket No. 143) to Magistrate Judge Roy Payne's Report and Recommendation (Docket No. 138) regarding Defendant's Motion for Summary Judgment No. 1 on (i) Lack of Causation for Manufacturing Defect Claims and (ii) Bystander Claim (Docket No. 92). For the reasons below, Plaintiffs' objections are **OVERRULED,** and the Report and Recommendation is **ADOPTED** as the opinion of the Court.

## THE MAGISTRATE JUDGE'S REPORT

Plaintiff alleges that a defect in his pacemaker on June 5, 2023 caused the injuries he sustained. Docket No. 63 at ¶¶ 21–33. He claims that the pacemaker, manufactured by Defendant, zeroed out prematurely due to an issue with the epoxy binding the pacemaker to his heart. *Id.* at ¶¶ 10, 19. As a result, he claims he experienced fainting, shortness of breath, bradycardia, hypoxia, atrial fibrillation, tiredness, dizziness, discomfort, and chest pain. *Id.* at ¶ 28. He does not dispute that, prior to the alleged incident, he had many underlying health problems.

Defendant moved for summary judgement on causation, arguing that Plaintiff could not legally prove his damages without a causation expert. Docket No. 92 at 9. Defendant contended

that a causation expert is required in complex product-liability cases such as this. *Id.* Plaintiff argued that an expert is not always required, and a jury could conclude that the alleged defect in Plaintiff's pacemaker caused his injuries without expert testimony. Docket No. 100 at 9–10.

The magistrate judge agreed with Defendant. He concluded that "[w]ithout presenting expert causation evidence, Plaintiffs cannot show a genuine dispute as to causation." Docket No. 138 at 4 (citing *Guevara v. Ferrer*, 247 S.W.3d 662, 665 (Tex. 2007)). The magistrate judge agreed with Defendant that an expert was needed "to parse out the causation element of the tort" because "Mr. Albert had underlying medical conditions that could very well have caused his injuries[.]" *Id.* at 2–3. The Report ultimately recommends that the Court grant Defendant's motion for summary judgment on causation. *Id.* at 4.

### PLAINTIFFS' OBJECTIONS AND DEFENDANT'S RESPONSE

Plaintiffs object to the Report on four grounds. First, they argue that "[e]xpert testimony is not always required to establish causation in cases involving complex devices." Docket No. 141 at 2 (quoting *Kleppel v. Hunter's Mfg. Co.*, 4:14-cv-3715, 2018 WL 6436269, at *10 (S.D. Tex. Dec. 7, 2018)). They contend that this is one such case because "[c]ausation here is simple and obvious[.]" *Id.*

Second, Plaintiffs contend that they are only seeking damages "related to the June 5, 2023 loss of pacing," not for "heart blockages, lightheadedness, weakness, low pulse rate, fatigue, or Afib." *Id.* at 2–3. Plaintiff does not explain how this fact bears on their lack of a causation expert. Instead, they make the non sequitur claim that "all of the testimony Defendant presented showing his pacemaker did not cause th[e] symptoms apply only prior to the June 5, 2023 sudden loss of pacing." *Id.* at 3.

Third, Plaintiffs claim that there is summary judgment evidence in the record that raises a genuine issue as to whether a defect in Plaintiff's pacemaker caused sudden loss of pacing. *Id.*

They point to the safety notification by Defendant related to the pacemaker, the various symptoms Plaintiff allegedly suffered, and the tests allegedly performed by Defendant. *Id.* at 3–4.

Fourth, Plaintiffs argue that there is summary judgment evidence in the record that raises a genuine issue as to whether the sudden loss of pacing harmed Plaintiff. *Id.* at 4. Plaintiffs claim that "Mr. Albert's pacemaker would not have been replace [on June 5, 2023] if it had not suddenly stopped pacing" and "Mr. Albert received transcutaneous pacing" as a result. *Id.* at 6–7.

Defendant contends that Plaintiffs have failed to raise a fact issue on causation because they failed to offer any expert testimony to prove causation. Docket No. 143 at 3 (citing *Greger v. C.R. Bard, Inc.*, No. 4:19-cv-006752021, 2021 WL 4502617, at *16 (E.D. Tex. Sept. 30, 2021)). It claims that expert testimony is required because "Mr. Albert has an extremely complex medical history and comorbidities that present ***multiple*** questions about medical causation that are well outside a lay juror's common experience." *Id.* at 4 (emphasis in original). As a result, "A lay jury could not parse these issues by themselves as they would lack the necessary cardiology and electrophysiology medical expertise[.]" *Id.*

Defendant also argues that limiting the damages to June 5, 2023 does not preclude summary judgment. *Id.* at 5–6. According to Defendant, an expert would still be required to determine whether the alleged ailments Plaintiff suffered on that day are attributable to the pacemaker or his other preexisting conditions. *Id.* at 6.

## ANALYSIS

The Court agrees with the magistrate judge that a causation expert is required to determine whether Plaintiff's alleged injuries are attributable to a defect in his pacemaker, his other preexisting conditions, or both. Even before the implantation of Plaintiff's pacemaker, he suffered from serious cardiovascular conditions, including hypertension, sick sinus syndrome, mitral valve regurgitation, coronary artery disease, and bradycardia. Docket No. 88-10 at 150–53. Contrary to

Plaintiffs' claim, a lay juror would not be capable of discerning whether Plaintiff's ailments—either on or before June 5, 2023—were attributable to a defect in his pacemaker or these underlying medical conditions.

As the magistrate judge highlighted, "[t]he general rule [under Texas law] has long been that expert testimony is necessary to establish causation as to medical conditions outside the common knowledge and experience of jurors." *Guevara*, 247 S.W.3d at 665. Plaintiffs have not cited any authority that warrants deviating from the general rule in this case.

Plaintiffs rely exclusively on *Kleppel v. Hunter's Mfg. Co.* to support its claim that "[c]ausation is simple and obvious in this case." Docket No. 141 at 2 (citing No. 4:16-cv-03715, 2018 WL 6436269, at *7 (S.D. Tex. Dec. 7, 2018)). But *Kleppel* is distinguishable. There, the plaintiff was not already in danger of the harm she suffered (losing her thumb) without the crossbow that she claimed was defectively designed. *Id.* at *1. Any expert testimony offered, in that case at least, would not have concerned a complex causation issue, but rather whether a safer alternative design existed. *Id.* at *4. Thus, the court in *Kleppel* determined that causation was within "the jurors' common understanding and experience." *Id.* at *4 (quoting *Gharda USA, Inc. v. Control Sols., Inc.*, 464 S.W.3d 338, 348 (Tex. 2015)).

Here, the Court does not believe it is reasonable to expect a lay juror to sort through all of Plaintiff's medical ailments and understand how his pacemaker caused the injuries he alleges without the guidance of a medical expert. Plaintiffs' own recitation of the causation question with which the jurors will be confronted demonstrates that the issue is far from "simple and obvious." According to Plaintiffs, the jury must:

> [D]etermine [whether] the incompletely mixed epoxy allowed moisture to ingress into the electrical components of the pacemaker causing the batter to prematurely deplete resulting in a loss of pacing requiring placement of a temporary transvenous

> pacer, multiple doses of IV fentanyl for pain, and premature placement of a replacement pacemaker.

Docket No. 141 at 2 (emphasis added). How a medical device interacts with the heart is far from simple, and other than this conclusory statement, Plaintiffs do not attempt to explain how common understanding and experience would allow jurors to decide causation. Thus, Plaintiffs' first objection is overruled.

Plaintiffs' second objection—that they are only claiming damages for loss of pacing on June 5, 2023, and thus no expert testimony is necessary—fails for the same reason. Even if Plaintiffs are only seeking damages for "loss of pacing," a causation expert is still required to determine whether factors other than or in addition to the ingress of moisture caused the pacemaker to "prematurely deplete." Again, Plaintiffs have offered no such expert testimony. Plaintiffs' second objection is therefore overruled.

Plaintiffs' third and fourth objections do not challenge the magistrate judge's conclusion that expert testimony is required for causation. Instead, Plaintiffs simply cite evidence in the record that they claim demonstrates there is fact issue as to (1) whether a defect caused the sudden loss of pacing and (2) whether the loss of pacing caused harm. But the entire point of the magistrate judge's recommendation is that expert testimony is required to parse through this evidence to make a determination about causation. *See Guevara v. Ferrer*, 247 S.W.3d at 668 ("Evidence of an event followed closely by manifestation of or treatment for conditions which did not appear before the event raises suspicion that the event at issue caused the conditions. But suspicion has not been and is not legally sufficient to support a finding of legal causation."). Plaintiffs do not explain how the existence of some evidence supporting their argument regarding causation overcomes their lack of expert testimony. Plaintiff's third and fourth objections are thus overruled.

## CONCLUSION

The Court has conducted a careful *de novo* review of those portions of the magistrate judge's proposed findings and recommendations to which Plaintiffs objected. *See* 28 U.S.C. § 636(b)(1) (District Judge shall "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made."). Upon such *de novo* review, the Court has determined that the Report and Recommendation of the magistrate judge is correct, and Plaintiffs' objections are without merit. Accordingly, it is

**ORDERED** that Plaintiffs' objections (Docket No. 141) are **OVERRULED**. It is further

**ORDERED** that the Report and Recommendation of the magistrate judge (Docket No. 138) is **ADOPTED** as the opinion of the District Court. It is further

**ORDERED** that Defendant's Motion for Summary Judgment No. 1 on (1) Lack of Causation for Manufacturing Defect Claims and (ii) Bystander Claim (Docket No. 92) is **GRANTED**.

So ORDERED and SIGNED this 12th day of December, 2025.

*[signature: Robert W Schroeder III]*
ROBERT W. SCHROEDER III
UNITED STATES DISTRICT JUDGE